IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01069-WYD-MEH

UNDER ARMOUR, INC.,

    Plaintiff,

v.

HOT GEAR, LLC,
PETKOV ENT, and
IVAN E. PETKOV, an individual,

    Defendants.

---

### RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO STRIKE ANSWER AS TO HOT GEAR, LLC

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Strike Answer as to Hot Gear, LLC [filed August 5, 2010; docket #19]. The motion is referred to this Court for recommendation. (Docket #22.) For the reasons stated below, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED**.[1]

Plaintiff asserts that the Answer filed by Defendant Ivan E. Petkov, an individual, on behalf of himself and on behalf of Defendant Hot Gear, LLC, must be stricken as to Defendant Hot Gear,

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

LLC. (Docket #19 at 2.) Plaintiff cites to this Court's previously issued minute order which informed Defendant Petkov that he may not represent the interests of Defendants Hot Gear, LLC or Petkov Ent. (*Id*. at 1 (citing docket #13).)

In the previous minute order, this Court recognized that Defendant Petkov proceeds in this matter *pro se*. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Court emphasized the "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted). A corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001). Furthermore, as Plaintiff correctly points out, D.C. Colo. LCivR 11.1A establishes that "[o]nly pro se individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers. Any pleading … listing in a signature block, or purporting to enter an appearance by, any other person, partnership, professional corporation, limited liability company, or other may entity may be stricken."

Accordingly, the Court concludes that the Answer at docket #18 filed by Defendant Petkov on behalf of himself and on behalf of Defendant Hot Gear, LLC should be **stricken** as to Defendant Hot Gear, LLC. The Court thus **recommends** that Plaintiff's motion be **granted**. Once the District Court rules on this recommendation, the Court **further recommends** that the Clerk of Court evaluate the motions for entry of default against Defendants Hot Gear, LLC and Petkov Ent located at dockets ##20 and 21.

Dated at Denver, Colorado, this 10th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge